MARY L. JOHNSON, Respondent, *v.* CHARLES S. COLE and EMMA J. OWEN, Appellants, Impleaded with JOHN B. COLE, Respondent, and Others.

*Declarations against interest — not such where they relate to the question whether certain transfers of property were advancements or gifts — proof to establish agency — competency of declarations of the agent that he was the principal in the transaction.*

In an action to partition certain property which passed to the parties to the action from their deceased mother, the question whether certain transfers of property made by the decedent during her lifetime, to two of the defendants, were advancements or gifts, was litigated on the trial.

*Held,* that the mother did not have such an interest in having the transfers treated as advancements rather than gifts as would render admissible, on the ground that they were adverse to her interest, declarations, made by her subsequent to the transfers, to the effect that they were intended as gifts.

On the trial a controversy arose as to whether certain moneys, paid by the father of the parties to the two defendants before mentioned, belonged to the father

or to the mother. The plaintiff gave evidence tending to show that such moneys were the proceeds of a sale of real estate belonging to the mother and was then permitted to show that the moneys were paid directly to the father in the presence of the mother and that the father then stated that he would give the moneys to the two defendants before mentioned.

*Held*, that the evidence was competent, in connection with other testimony, to show that the mother made the father her agent to pay the moneys over to the defendants;

That evidence, offered on behalf of the defendants before mentioned, to the effect that when the father paid over the moneys to them he stated that he was giving them the moneys on his own account and that it did not belong to the mother was inadmissible for the following reasons: *First*, because, if the plaintiff had succeeded in establishing that the father was the agent of the mother in paying over the money to the defendants, the father's declarations were not admissible to contradict his agency; and, *second*, because the mere declarations of the father, as to his ownership of the money, were not admissible in support of the defendants' contention that the money belonged to the father.

Williams, J., dissented.

Appeal by the defendants, Charles S. Cole and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff and the defendant John B. Cole, entered in the office of the clerk of the county of Wyoming on the 8th day of January, 1902, upon the report of a referee.

*Elmer E. Charles*, for the appellants.

*Frank W. Brown*, for the plaintiff, respondent.

Hiscock, J.:

This action was brought for the partition of real estate belonging to one Lucia A. Cole, deceased, the mother of the parties hereto. In addition to the determination of the rights of the respective parties in and to said real estate, the question was litigated upon the trial whether the appellants should not be charged with the value of certain property which the mother had conveyed to them respectively as advancements, and the learned referee held that they should be so charged.

The appellants contend that various errors were committed by the referee in the exclusion and reception of evidence upon the trial. We think, however, that his rulings may be sustained and that the judgment appealed from should be affirmed.

The interesting question presented by the exceptions upon this

appeal is whether an heir, to whom property has been transferred by a parent during lifetime, may give evidence of statements made by the latter after such transfers, tending to show that the same were gifts and not advancements, upon the theory that the parent has such an interest in having them treated as advancements that his declarations adverse to such interest may be received in evidence. The referee excluded such evidence upon the trial of this case, and we reach the conclusion that his ruling in that respect was correct.

It was the claim upon the trial that the mother, Lucia A. Cole, transferred to the defendant appellants during her life various real and personal property. There was a contest whether the personal property involved in this action was transferred by her or her husband. Upon the theory that it was transferred by her, however, the appellants sought to show that, after such transfer, she made statements indicating her intention to make a gift and not an advancement thereof, and the referee ruled out such evidence. It is urged by the respondent herein that there were other reasons why said evidence might be ruled out, but we shall assume that it was properly offered in those respects, and thus pass directly to the query whether subsequent detached declarations of an ancestor may be received in evidence after his death to show that transfers were gifts and not advancements.

No case has been called to our attention in this State passing upon this question. Some dicta and expressions by text writers have been referred to tending to support each side of the question. The case of *Sanford* v. *Sanford* (61 Barb. 299–307) to some extent by its reasoning is an authority for respondent's contention that such evidence is not admissible. We think that an analysis of the question in the light of elementary principles applicable thereto leads to a decision against its admissibility. The interest against which adverse declarations may be received, either against the person making them or, as in this case, his heirs, has been defined and settled to be a pecuniary, proprietary and present interest. (McKelvey Ev. §§ 178–180 ; 1 Whart. Ev. [3d ed.] § 228.)

The common cases in which such declarations have been received in evidence have been where they tended to show that an obligation for the payment of money had been paid or that there was some defense to it. In all of the cases to be found in this State the

declarations tended to impair or destroy some interest which the party had present when making them and which interest, if destroyed, lessened his pecuniary and property rights.

The right to have transfers treated as advancements instead of gifts does not in our opinion possess these characteristic and essential elements.

When property has been transferred by a parent to his child, whether by way of advancement or gift, it has passed from him and his estate absolutely and forever. He never can have any right to recover and take it back. It can scarcely be said that the parent during life has any interest in or can be affected by the decision of the question whether the transfer is one or the other. Such question can only arise after his death and amongst the heirs. Even after he has died, his total estate is not increased or diminished either upon one theory or the other. His heirs alone, as amongst themselves, have what may be regarded as an actual and property interest in the matter. As between them, if the heir having received property is charged with it as an advancement, the shares of the others are of course proportionately increased upon the distribution of the estate. We think that it would be going too far to hold that the right of one heir to have another charged with the value of property as an advancement arising after the death of the parent, constituted such an interest in the latter during his life that he could defeat it by detached oral statements.

We do not overlook the fact that the case of *Gunn* v. *Thruston* (130 Mo. 342) holds in opposition to these views. That case, however, is not an authority upon us, and we feel unwilling to follow it as an argument.

We shall briefly notice two other rulings complained of by the appellants.

As indicated above, there was a contest between the parties whether certain moneys given to the appellants respectively, came from the mother or from the father. Plaintiff gave evidence tending to show that the donations were from the former and that the moneys accrued upon the sale of some real estate belonging to her. The plaintiff was allowed to show by her husband that, at the time these moneys were paid over, it was directly to the husband of

Lucia A. and in her presence, and also was allowed to show that at that time the husband stated that he would give the money to the two appellants. We think this evidence was competent in connection with other testimony as showing that the mother acquiesced in this disposition of the money and made the husband her agent to pay it over to the appellants as he subsequently did.

Appellants sought to show what was said by the father at the time he paid over these moneys. Such declarations were testified to by one witness, but ruled out upon the examination of another one. These alleged statements were to the effect that the father was giving the money on his own account and that it did not belong to the mother. We think this evidence was inadmissible. The burden rested upon plaintiff to show that the moneys came from the mother and were paid to the appellants through the husband as agent. If she sustained this burden it was incompetent to allow proof of declarations made by the agent which were in opposition to and in contradiction of his agency. Upon the other hand, in the attempt which the appellants made to show that the money really belonged to the father and not the mother it was at least not material or helpful to prove the mere declarations of the father to such ownership.

In accordance with these views we think the judgment appealed from should be affirmed, with costs.

McLENNAN, SPRING and DAVY, JJ., concurred; WILLIAMS, J., dissented.

Interlocutory judgment affirmed, with costs.

---

NOTE.— The rest of the cases of this term will be found in the next volume, 77 App. Div.— [REP.